UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **2:18-cv-09839-R (MAA)**                              Date:  **July 30, 2019**

Title  **Eugene Oliver Swan v. Josie Gastelo, et al.**

Present:  The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:
N/A                                                              N/A

**Proceedings (In Chambers):**     Order to Show Cause Why This Case Should Not Be Dismissed Pursuant to *Heck v. Humphrey*

On November 7, 2018, Plaintiff Eugene O. Swan ("Plaintiff"), a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.) Plaintiff states that he has been a level-1 custody inmate since 2013 and a minimum custody 0-point level 1 since May 2017. (*Id.* at 3.)[1] Plaintiff asserts that Defendant Horsley refused to take Plaintiff to ICC classification to give Plaintiff half-time good-time credits that other level-1 minimum custody inmates receive. (*Id.*) Plaintiff also alleges that Defendant Perez interviewed Plaintiff and agreed to transfer Plaintiff to minimum custody in San Diego, where he would earn half-time credits, if Plaintiff withdrew his 602 appeal. (*Id.*) Plaintiff seeks: (1) transfer to the appropriate custody housing level, (2) appropriate level half-time credits, and (3) monetary compensation. (*Id.*)

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under [Section 1983]. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citations omitted).

A Section 1983 complaint must be dismissed pursuant to *Heck v. Humphrey* if judgment in favor of the plaintiff would undermine the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated, either through state

---

[1] Citations to pages in docketed documents are to those generated by CM/ECF.

litigation or federal writ of habeas corpus. 512 U.S. 477, 486–87. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Here, Plaintiff seeks half-time credits. (Compl. 3.) Unless Plaintiff can allege facts showing that his conviction has been set aside or reversed, *Heck* appears to bar this action. *See Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) ("[A] court may properly dismiss a *Heck*-barred claim under Rule 12(b)(6) if there exists an 'obvious bar to securing relief on the face of the complaint.'") (quoting *ASARCO, LLC v. Union Pac. R.R.*, 765 F.3d 999, 1004 (9th Cir. 2014)).

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, no later than **August 29, 2019**, why the Magistrate Judge should not recommend that this case be dismissed as barred by *Heck*. Plaintiff may satisfy this Order by filing a declaration, signed under penalty of perjury, explaining why this action is <u>not</u> *Heck*-barred. Plaintiff's declaration must describe the facts that establish favorable termination of his underlying criminal action or identify any other grounds that suggest that *Heck* does not bar his claims.

Instead of filing a response to this Order, Plaintiff may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Plaintiff's convenience.</u> However, Plaintiff is advised that any dismissed claims later may be subject to the applicable statute of limitations.

**Plaintiff explicitly is warned that failure to comply with this order will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with a court order.**  *See* **Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-1.**

It is so ordered.

Attachment
Notice of Dismissal (CV-09)

**Time in Court:**   0:00
**Initials of Preparer:**   CSI